UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| ALVIN HUMPHRIES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3: 12-10-DCR |
| ) | |
| V. ) | |
| ) | |
| FARMERS CAPITAL BANK ) | **MEMORANDUM OPINION** |
| CORPORATION and FARMERS BANK ) | **AND ORDER** |
| & CAPITAL TRUST COMPANY, ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Farmers Capital Bank Corporation's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 9] In support, the defendant asserts that it is a bank holding and, as such, is not considered a "financial institution" under the Electronic Fund Transfer Act, 15 U.S.C. § 1693. Therefore, it contends that the statute upon which the plaintiff's claims are based does not provide an avenue for relief against it. The defendant, however, relies upon matters outside the pleadings to support its motion. Accordingly, the motion will be denied.

**I.**

Defendant Farmers Bank & Capital Trust Company ("Farmers Bank") is a Kentucky corporation and subsidiary of Defendant Farmers Capital Bank Corporation ("Farmers Capital"). At times relevant to this action, Plaintiff Alvin Humphries held a bank account with Farmers Bank. Humphries contends that, without his knowledge or approval, a third party (Ronda Fey)

-1-

made numerous unauthorized electronic fund transfers from his account using a debit card provided by Farmers Bank. More specifically, he alleges that, "Fey concealed the unauthorized electronic funds transfers and hid them from Plaintiff by intercepting communications from [Farmers Bank], including banking statements mailed to Plaintiff by [Farmers Bank]."

Humphries' Complaint contains the following additional allegations which are taken as true for purposes of the present motion:

14. The unauthorized electronic funds transfers were in the amount of thirty-eight thousand nine hundred nine dollars and forty-nine cents (#38,909.49).

15. On February 18, 2011, Plaintiff learned of the unauthorized electronic funds transfers.

16. Upon learning of the unauthorized electronic funds transfers, Plaintiff notified [Farmers Bank] of the error (namely, the unauthorized electronic funds transfers), and demanded reimbursement of the unauthorized transfers as provided under the EFTA, including, inter alia, 15 U.S.C. §§ 1693f; 1693g.

17. On February 25, 2011, [Farmers Bank] mailed a letter to Plaintiff. The letter implicitly acknowledged the unauthorized nature of the electronic funds transfers in question. [Farmers Bank] offered to make reimbursement of a portion of the unauthorized electronic funds transfers, totaling one thousand four hundred thirty-eight dollars and ninety-five cents ($1,438.95). However, [Farmers Bank] refused to offer to reimburse the majority of the unauthorized electronic funds transfers to Plaintiff.

[Record No. 1; Complaint] The plaintiff also contends that each defendant is a "financial institution" as that term is defined by the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693a(9).

The plaintiff's Complaint contains two counts for relief. In Count I, Humphries asserts a claim against Farmers Bank for an alleged violation of the EFTA. More specifically, he alleges

that the EFTA limits a consumer's liability for unauthorized electronic funds transfers, subject to certain limitations identified in the statute. However, despite receiving proper notice of the unauthorized transfers by Fey, Farmers Bank failed to make proper reimbursement. As a result, he seeks to recover treble damages from this defendant.

In Count II, Humphries alleges that: (i) Farmers Capital had control over the actions of its subsidiary, Farmers Bank; (ii) the actions of Farmers Bank, as a subsidiary, constitute actions of Farmers Capital; and (iii) Farmers Capital received notice of the plaintiff's allegations and either was or should have been aware that it was liable to him for the performance obligations under the EFTA. Thus, Humphries also seeks treble damages from Farmers Capital.

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

From a pleadings standpoint, it is insufficient to simply assert that, because one company is the parent of another, it is liable for its subsidiary's actions or inactions. Simply put, that is what the plaintiff has done in this case. Interestingly, however, Farmers Capital does not seek dismissal based on the fact that the plaintiff has not asserted facts sufficient to sustain a claim against it as a parent company. Instead, it contends that, as a bank holding company, it does not qualify as a "financial institution" under the EFTA. [Record No. 9] That is the only factual issue that it seeks to contest through its present motion.

Farmers Capital submits the affidavit of Erica Galyon, its General Counsel and Vice President, in support of the contention that it is a bank holding company. In paragraphs 4 and 5, Ms. Galyon avers that the defendant "is not a state or national bank, a state or federal savings and loan association, a mutual savings bank, a state or federal credit union, or any other entity that holds an account belonging to a consumer." Further, Farmers Capital "does not now and never has held a deposit account or any other account for the Plaintiff, Alvin Humphries." [Record No. 9-1; Affidavit of Erica Galyon] These contentions fall outside the scope of matters which may be properly considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Maiden v. N. Am. Stainless*, 183 F. App'x 485, 487 (6th Cir. 2005) (noting that courts are not required to consider matters outside the pleadings in a motion to dismiss). While Farmers Capital argues that a document not appended to a complaint may be considered if it is incorporated by reference or is a document upon which the complaint relies and is integrated into

the pleading [Record No. 9, p. 3], it does not explain how the Galyon affidavit fits within any of these exceptions.[1] Accordingly, it is hereby

**ORDERED** that Defendant Farmers Capital Bank Corporation's Motion to Dismiss [Record No. 9] is **DENIED**.

This 23rd day of May, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[1] While Humphries does not dispute the factual assertion that FCBC is a bank holding company, he does not address other factual allegations contained in Galyon's affidavit which may be central to the ultimate resolution of the issues presented. [*See* Record No. 10; Response to Farmers Capital Bank Corporation's Motion to Dismiss.]